**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

RICARDO CHUB ,

Petitioner,

v.

U.S. ATTORNEY GENERAL and ICE,

Respondents.

Case No.: 1:26-cv-02436 JLT HBK (HC)

(A file #: 220-058-327)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, AND GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART

(Docs. 1, 8)

Petitioner Ricardo Chub is an immigrant detainee in U.S. Immigration Customs and Enforcement (ICE) custody at the California City Immigration Processing Center in California City, California, proceeding pro se on his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1, "Petition").

On June 30, 2026, the assigned magistrate judge issued findings and recommendations to grant the Petition in part. (Doc. 8.) The findings and recommendations were served upon all parties and contained notice that any objections thereto were to be filed within five (5) days after service. (*Id.*) On July 6, 2026, Respondents timely filed objections, arguing (1) the assigned magistrate erred in finding a violation of Petitioner's due process rights because he has no protected liberty interest as an "applicant for admission" "no matter how many years he was in the United States" and his detention is not indefinite, and (2) they should not be permanently

enjoined from detaining petitioner because it is "both lawful and constitutional to detain an alien whether discretionary or mandatory during the pendency of removal proceedings." (Doc. 9.)

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis.

Based upon the foregoing, the Court **ORDERS**:

1. The findings and recommendations issued on June 30, 2026 (Doc. 8) are **ADOPTED** in full.

2. The petition for writ of habeas corpus (Doc. 1) is **GRANTED in part** as follows:

3. Within 14 days of the date of this order, Respondents **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *Id*. at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017). If Respondents fail to provide a timely bond hearing in accordance with this order, Respondents are ordered to immediately release Petitioner.

4. At least 72 hours before the scheduled hearing, the Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If his counsel has filed an appearance in the immigration proceedings, at least 72 hours before the hearing, counsel **SHALL** receive notice of the scheduled hearing.

5. If released, Respondents are **PERMANENTLY ENJOINED AND RESTRAINED** from rearresting or re-detaining Petitioners absent compliance with constitutional protections, which include, at a minimum, pre-deprivation

notice of at least seven days before a pre-deprivation hearing at which the government will bear the burden of demonstrating by clear and convincing evidence that they are likely to flee or pose a danger to society if not arrested.[1]

6. The Clerk of Court is directed to serve the California City Immigration Processing Center in California City, California with a copy of this Order.

7. The Clerk of the Court is directed to terminate all pending deadlines/motions and close this case.

IT IS SO ORDERED.

Dated: July 16, 2026

[signature]
UNITED STATES DISTRICT JUDGE

---

[1] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondents **SHALL** provide a bond hearing in the timeframe required by law.